Paula Lopez (PL- 2657)
Nicholas Fortuna (NF -9191)
Allyn & Fortuna LLP
1010 Avenue of the Americas
New York, NY 10018
Telephone: (212) 213-8844
Facsimile: (212) 213-3318

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

——————————————————————X   Civil Case No.: 19-CV-7145
ANTOINETTE DALY, *individually and on behalf*
*of others similarly situated*


*Plaintiff,*
                                                                                                     **COMPLAINT**
           -v-

1267 Café LLC d/b/a Café K, SHIMON LIANI, and        Trial By Jury
AMI LIANI, in their individual and
professional capacity.


*Defendants.*
——————————————————————X

**NATURE OF THE ACTION**

1.      Plaintiff ANTOINETTE DALY, individually and on behalf of others similarly situated (hereinafter "Plaintiff"), brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* in order to remedy Defendants' wrongful withholding of Plaintiff's lawfully earned wages.  Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.,* and Article 19 §§ 650 *et seq.* as well as the supporting New York State Department of Labor Regulations for violations of minimum wages, spread-of-hours pay, misappropriation of tips, and notice requirements.

## SUMMARY

2. Plaintiff was employed by Defendants 1267 Café LLC d/b/a Café K ("Café K"), SHIMON LIANI ("Shimon), and AMI LIANI ("Ami") (collectively "Defendants") ostensibly as a waitress for Defendants' restaurant.

3. Plaintiff's job duties included serving food and drinks to restaurant patrons, taking customer's orders, and preparing and clearing tables for customers.

4. Defendants have repeatedly deprived Plaintiff of her lawfully earned wages and spread-of-hours premium.

5. Upon information and belief, Defendants employed the policy and practice of designating Plaintiff as a tipped employee despite not complying with any of the requirements necessary to enable Defendants to claim a tip credit, so as to avoid paying Plaintiff at the minimum wage rate, and paying Plaintiff a lower tip-credited rate.

6. Defendants and other non-tipped employees also took a significant part of Plaintiff's tips, only provided her with credit card tips, and denied the existence of cash tips.

7. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

8. When Plaintiff voiced concerns to management regarding Defendants' unlawful conduct with regard to the handling and misappropriation of Plaintiff's tips, Defendants retaliated against Plaintiff by terminating her employment in violation of the FLSA and NYLL.

9. As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

## JURISDICTION AND VENUE

**Federal Question Jurisdiction and Supplemental Jurisdiction**

10. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* Additionally, this Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

11. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

12. Venue is proper in the Eastern District of New York under 8 U.S.C. §§ 1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES

### (Plaintiff)

**ANTOINETTE DALY**

13. Plaintiff Antoinette Daly ("Plaintiff") is an adult individual residing in the state of New York, County of Kings.

14. Plaintiff is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

15. Plaintiff worked for Defendants from April 2019 to August 8, 2019 as a server.

16. Plaintiff's job duties included serving food and drinks to restaurant patrons, taking customer's orders, and preparing and clearing tables for customers.

17. Plaintiff regularly handled goods in interstate commerce, such as food produced outside the State of New York.

18. When initially hired and undergoing training, Plaintiff was paid an hourly rate of $12.00/hour.

19. Thereafter, when Plaintiff began receiving tips, Defendants compensated her at a rate of $10.00 per hour.

20. Defendants have failed to pay Plaintiff spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff worked more than ten (10) hours.

21. As a tipped employee, Plaintiff did not receive all the tips she was entitled to.

Upon information and belief, Plaintiff did not receive any cash tips but received only credit card tips from the Defendants. It is believed that the cash tips were given to employees who do not customarily and regularly receive tips, such as managers, and or were used by Defendants to make up for shortages in the register.

22. Upon complaining to management regarding the misappropriation of tips, the Defendants retaliated against Plaintiff by terminating her employment.

23. Plaintiff was not provided with a notice containing the rate and basis of her pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

24. Plaintiff was not provided any information or notice by the Defendants of their intention to use tip credits.

25. Plaintiff was never provided with accurate wage statements detailing dates worked, money received, credits claimed by Defendants, tips earned, and the employer's details at any point during the time of his employment with Defendants.

26. Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

**1267 CAFÉ LLC**

27. Upon information and belief, Corporate Defendant 1267 CAFÉ LLC ("Café K") is a New York Limited Liability Company formed on November 23, 2011.

28. Café K owns and operates a sit-down restaurant serving food and drinks to customers, located at 1267 Coney Island Avenue, Brooklyn, New York 11230.

29. At all relevant times, Café K is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203( d) and the NYLL § 190.

30. At all relevant times, Café K and the individual defendants maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll and other employment practices that applied to her.

31. At all relevant times, Café K was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(l)(A) because its employees were serving food made from ingredients that were manufactured out of state and distributed in New York.

32. Upon information and belief, at all relevant times, Café K's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(l)(a)(ii).

**(Individual Defendants)**

33. At all relevant times, Café K and brothers, Shimon Liani and Ami Liani, were joint employers of Plaintiff acted in the interest of each other with respect to the restaurant's employees, and had common policies and practices as to wages and hours, and the handling of tips, pursuant to 29 C.F.R. § 791.2.

**SHIMON LIANI**

34. Upon information and belief, at all relevant times, defendant Shimon Liani, ("Shimon") was, at the time of Plaintiff's employment owner, principal, authorized operator, manager, and/or agent of Corporate Defendant.

35. At all relevant times throughout Plaintiff's employment, Shimon had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedules; and otherwise controlling the terms and conditions for the Plaintiff while she was employed by Defendants.

36. At all relevant times throughout Plaintiff's employment, defendant Shimon was actively involved in the day-to-day operations of the Corporate Defendant.

37. At all relevant times throughout Plaintiff's employment, defendant Shimon was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

**AMI LIANI**

38. Upon information and belief, at all relevant times, Ami Liani, ("Ami") was, at the time of Plaintiff's employment owner, principal authorized operator, manager, and/or agent of Café K, together with defendant Shimon.

39. At all relevant times throughout Plaintiff's employment, Ami, together with his brother Shimon, had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees;

setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedules; and otherwise controlling the terms and conditions for the Plaintiff while she was employed by Defendants.

40. At all relevant times throughout Plaintiff's employment, Ami was actively involved in the day-to-day operations of the Corporate Defendant.

41. At all relevant times throughout Plaintiff's employment, Ami was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act- Minimum Wages

42. Plaintiff realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

43. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(l), and (g).

44. At all times relevant, Defendants have been employers of Plaintiff and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§203 (s)(l) and 206 (a).

45. Defendants were required to pay directly to Plaintiff, the applicable Federal minimum wage rate for all hours worked pursuant to 29 U.S.C. § 206.

46. Defendants failed to pay Plaintiff, her earned minimum wages for all hours worked to which she was entitled to under the FLSA.

47. Instead, Defendants paid Plaintiff an hourly rate of less than the applicable minimum wage as a result of claiming a tip credit for Plaintiff.

48. In order for employers to take advantage of a tip credit, the employee must be informed by the employer of their intention to take a tip credit and all tips received by tipped employees should be retained by them pursuant to 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59.

49. Defendants never informed Plaintiff of Defendant's use of the tip credit in violation of 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59.

50. As a result of Defendants' violations of the FLSA, Plaintiff has suffered

damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216 (b).

51. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

52. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff or other similarly situated employees.

53. Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

54. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act - Misappropriation of tips

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. The wage payment provisions of the FLSA, 29 U.S.C. § 203(m) and the supporting federal regulations 29 C.F~R. §§ 531.50 *et seq.* apply to Defendants, and protect Plaintiff.

57. Defendants allowed tips to be shared by non-tipped employees and provided the Plaintiff only with credit card tips. The cash tips were never provided to the Plaintiff and were shared amongst other employees who were not customarily and regularly tipped in violation of 29 U.S.C. § 203(m) and 29 C.F.R. §§ 531.51 and 531.52.

58. Upon information and belief, Defendants used Plaintiff's cash tips to make for register shortfalls and deprived Plaintiff and eligible tipped employees of a substantial portion of their tips.

59. As a result of Defendants' continuous and willful violations of the FLSA, 29 U.S.C. § 203(m) and the supporting federal regulations 29 C.F.R. §§ 531.50 *et seq.,* Plaintiff is entitled to damages for the value of the misappropriated gratuities, liquidated damages as provided for by the 29 U.S.C. § 216(b), reasonable attorneys' fees, and costs.

## THIRD CAUSE OF ACTION
### Fair Labor Standards Act - Prohibited retaliation

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. The retaliation provisions as set forth in FLSA, 29 U.S.C.A. § 215 apply to Defendants and protect Plaintiff.

62. Defendants removed Plaintiff from the schedule and effectively terminated her after Plaintiff formally complained to management about the misappropriation of tips, in violation of 29 U.S.C.A. § 215(3).

63. Due to Defendants' unlawful discrimination against the Plaintiff, Plaintiff has suffered great hardship and damages of an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### New York Labor Law-Minimum Wage

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

66. At all relevant times referenced herein, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

67. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

68. In 2019, the minimum hourly wage in the State of New York for employers with 11 or more employees is $15.00/hour and the minimum hour wage for employers with 10 or less employees is $13.50/hour pursuant to NYLL § 652 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-1.2.

69. Defendants were required to pay Plaintiff no less than the applicable statutory minimum wage for all hours worked under the NYLL § 652 and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.2.

70. Defendants classified Plaintiff as a food service worker and paid her an hourly rate of less than the applicable minimum wage as a result of claiming a tip credit for

Plaintiff.

71. However, Defendants were not entitled to take a tip credit pursuant to 12 N.Y.C.R.R. § 146-3.4 because Defendants never provided Plaintiff with a written notice notifying her that a tip credit would be taken from Plaintiff's basic minimum hourly rate in violation of 12 N.Y.C.R.R. §§ 146-1.3 and 146-2.2.

72. Through their knowing and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have violated the NYLL Article 19, §§ 650 *et seq.,* and 12 N.Y.C.R.R. Part 146-1.2.

73. Defendants also failed to post conspicuous notices of the Plaintiff's rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-2.4, further evincing Defendants' lack of good faith.

74. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of NYLL § 663.

75. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## FIFTH CAUSE OF ACTION

### New York Labor Law- Spread-of-Hours Pay

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77. The spread-of-hours provisions as set forth in NYLL *§§ 190 et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

78. Defendants have failed to pay Plaintiff spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff worked more than ten (10) hours, as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.6.

79. Through their knowing or intentional failure to pay Plaintiff spread-of-hours compensation, Defendants have willfully violated the NYLL *§§ 190 et seq.,* and the supporting New York State Department of Labor Regulations.

80. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid spread-of-hours pay, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## SIXTH CAUSE OF ACTION
### New York Labor Law-Misappropriation of tips

81. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82. The wage payment provisions of Article 6 of the NYLL and the supporting New York State Department of Labor Regulations 12 N.Y.C.R.R. Part 146 *et seq.* apply to Defendants, and protect Plaintiff.

83. Defendants were prohibited from demanding, accepting or retaining, directly or indirectly, any part of the gratuities received by Plaintiff pursuant to NYLL Article 6, § 196-d and 12 N.Y.C.R.R. §§ 146-2.15 and 146-2.18.

84. The Plaintiff was required to share the gratuities she received with other employees such as managers, who were not customarily and regularly tipped employees, as defined by NYLL Article 6, § 196-d and 12 N.Y.C.R.R. § 146-2.14(e).

85. In addition, Defendants retained Plaintiff's cash tips and used the tips to make up for register cash shortages in violation of NYLL § 196-d and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146 *et seq.*

86. Upon information and belief, Defendants failed to establish, maintain and preserve for at least six years accurate tip records showing the amount, shares and daily log of tips collected by each employee at each position in violation of 12 N.Y.C.R.R. § 146-2.17.

87. As a result of Defendants' continuous and willful violations of the NYLL § 196-d and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146 *et seq.,* Plaintiff is entitled to damages for the value of the misappropriated gratuities, liquidated damages as provided for by NYLL § 198(1-a), reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION

### New York Labor Law- Failure to Provide Notice at the Time of Hiring

88. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89. Defendants have failed to provide Plaintiff, at the time of hiring, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1 ).

90. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), thereafter, pursuant to NYLL § 198 (1-b).

## EIGHTH CAUSE OF ACTION

### New York Labor Law-Failure to Provide Wage Statements

91. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

92. Defendants have failed to provide Plaintiff with wage statements listing her rate of pay; basis of pay; the period covered; and overtime pay, tip credits or deductions in violation of NYLL § 195(3).

93. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), thereafter, pursuant to NYLL § 198 (1-d).

## NINTH CAUSE OF ACTION

### New York Labor Law - Prohibited retaliation

94. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

95. The retaliation provisions as set forth in NYLL § 215(1) apply to Defendants and protect Plaintiff.

96.     Defendants unlawfully retaliated against Plaintiff by removing her from the schedule and effectively terminating her, after she formally complained to Defendants about the misappropriation of tips, thereby infringing her rights under New York Labor Law in violation of 29 NYLL § 215(1).

97.     Due to Defendants' unlawful retaliation against Plaintiff, she has suffered great hardship and damages and is entitled to recover an award comprising of lost compensation, costs and reasonable attorneys' fees, and liquidated damages up to a maximum of Twenty Thousand Dollars ($20,000) pursuant to NYLL § 215(2)(a).

98.     Defendants should also be ordered to pay a civil penalty of a maximum of Ten Thousand Dollars ($10,000) pursuant to 29 NYLL § 215(1)(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief:

A. Issuance of a declaratory judgment that the practices complained of in this Amended complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq.,* and Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations;

B. Unpaid minimum wages and tips under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

C. Unpaid minimum wages, tips, and spread-of-hours pay under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and §663(1);

D. Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violation of the FLSA pursuant to 29 U.S.C.A. § 216(b);

E. An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b);

F. An award of statutory damages for Defendants' failure to provide Plaintiff with accurate wage statements pursuant to NYLL § 198 (1-d);

G. An award of front pay, lost compensation, costs and reasonable attorneys' fees, and liquidated damages up to a maximum of Twenty Thousand Dollars ($20,000) for Defendants' prohibited retaliation against Plaintiff pursuant to NYLL § 215(2)(a);

H. A civil penalty of a maximum of Ten Thousand Dollars ($10,000) for

Defendants' prohibited retaliation against Plaintiff pursuant to 29 NYLL § 215(1)(b);

    I. A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

    J. If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

    K. An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

    L. An award of post-judgement pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules §5003;

    M. An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. §216(b), and NYLL §§ 198 and 663(1);

    N. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by jury.

Dated: New York, New York
      December 20, 2019

Respectfully submitted,

**ALLYN & FORTUNA, LLP**

By:   /s/ Paula Lopez
      Paula Lopez (PL- 2657)
      *Attorneys for the Plaintiff*
      1010 Avenue of the Americas, St. 302
      New York, New York 10018
      Tel: 212.213.8844   Fax: 212.213.2218